09-4355-ag
Yang v. Holder

BIA
Abrams, IJ
A093 396 935

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of May, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

ZHI YANG,
      *Petitioner*,

      v.                            09-4355-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
      *Respondent*.*

_____

FOR PETITIONER:      Lee Ratner, Law Offices of Michael Brown, New York, New York.

_____

    * The Clerk of Court is directed to amend the caption accordingly.

**FOR RESPONDENT:** Melody K. Eaton, Trial Attorney, Office of Immigration Litigation, *for* Emily Anne Radford, Assistant Director, Office of Immigration Litigation, *and* Tony West, Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhi Yang, a native and citizen of China, seeks review of the September 30, 2009, order of the BIA affirming the February 15, 2008, decision of Immigration Judge ("IJ") Steven R. Abrams, denying his application for asylum, withholding of removal, and CAT relief. *In re Zhi Yang*, No. A093 396 935 (B.I.A. Sept. 30, 2009), *aff'g* No. A093 396 935 (Immig. Ct. N.Y. City Feb. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably concluded that Yang was not eligible for asylum based on his resistance to China's family planning policy. *See* 8 U.S.C. § 1101(a)(42). Yang claims that he engaged in "other resistance to a coercive population control program" and, as a result, suffered harm rising to the level of persecution. *Id.*; *see also Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308, 313 (2d Cir. 2007). The evidence before the IJ established that Yang asked the cadres who removed his wife for sterilization to return later due to his wife's health. He did not express any objection to her being sterilized once she regained her health, or act in any way that suggests resistance to that outcome. In these circumstances, the agency could reasonably conclude that any harm that Yang suffered was not based on a protected ground and therefore could not support a claim for relief.

With respect to Yang's fear of future persecution, he argues only that he was entitled to a presumptively well-founded fear given his past persecution. However, because we find no error in the agency's past persecution analysis,

this argument is unavailing.  In light of the foregoing, the BIA reasonably denied Yang's application for asylum.  *See* 8 U.S.C. § 1101(a)(42).  Because Yang was unable to establish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).  Yang does not challenge the agency's denial of his application for CAT relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk